USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 171 PENSION FUND,

                Plaintiff,

-against-

JEFFREY B. STONE and ERIC D. STONE,

                Defendants.

24-cv-01769 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff Local 171 Pension Fund ("Plaintiff" or "Fund") filed this action for breach of fiduciary duty and other related claims against Defendants Jeffrey B. Stone and Eric D. Stone on March 7 2024. Dkt. No. 1. An Amended Complaint was filed on March 20, 2024. Dkt. No. 16. All of the claims relate to the withdrawal, in 2019 and 2020, from an ERISA plan by a company (Biehl Cleaners) owned or controlled by the Stones and/or entities that the Stones controlled, and the 2020 sale of real property by the Defendants that had been used by Biehl Cleaners without turning over any of the proceeds to the Fund for the withdrawal liability of Biehl Cleaners. Count One asserts a claim for breach of fiduciary duty against Jeffrey Stone, who was a trustee of the plan. Count Two asserts an aiding and abetting claim for Jeffrey Stone's breach of fiduciary duty against Eric Stone. Count Three seeks a finding of personal liability under ERISA for both Defendants for Biehl Cleaners' withdrawal liability, under a "pierce the veil" theory.

      Before the Court is Defendants' motion to dismiss this matter as duplicative of a declaratory judgment action filed by the Defendants against the Plaintiff in the Central District of Illinois; in the alternative, to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim; and, if the matter is not dismissed, to transfer the case to the Central District of Illinois under the Court's discretionary transfer authority under 28 U.S.C. § 1404(a).

Dkt. No. 18.  Plaintiff has opposed the motions.  Dkt. No. 27.  For the reasons that follow, the Defendants' motions are DENIED.

## I. The Motion to Dismiss as Duplicative is Moot

On December 19, 2024, the district court in the purportedly duplicative case in the Central District of Illinois dismissed that action in favor of this pending case, finding that the Illinois action was arguably abuse of the Declaratory Judgment Act and that in any event maintaining two actions on essentially the same claims would be a waste of judicial resources and risk inconsistent judgments.  *See* Dkt. No. 37 (attaching opinion in Illinois action).  Because this case is no longer duplicative of any pending case, the Court declines to dismiss on that basis.

## II. The Amended Complaint States a Claim

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  The standard for surviving a motion to dismiss is not difficult to meet.  *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (the issue on a motion to dismiss is whether a plaintiff is entitled to offer evidence to support its claims, not whether the plaintiff will ultimately prevail).  When ruling on a Rule 12(b)(6) motion, the Court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

The Defendants' arguments on their motion to dismiss for failure to state a claim cannot overcome the mandate to take all well-pleaded allegations in the Amended Complaint as true and to draw all reasonable inferences in favor of the Plaintiff. Defendants' arguments as to Count One essentially amount to arguments about what inference should be drawn from Jeffrey Stone's actions around the 2020 property sale, and an argument that, if the Defendants' inferences are drawn, no breach of fiduciary duty occurred. But the Court cannot, at this stage, draw Defendants' suggested inferences when the inferences posited by Plaintiff are reasonable based on the allegations of the Amended Complaint. Nor can the Court resolve disputed factual issues around what relevant participants knew at the relevant times. Similarly, as to Counts Two and Three, Plaintiff alleges facts egregious enough, and reasonable inferences drawn from those alleged facts, to plausibly allege a claim for relief. The Court acknowledges that Defendants raise certain legal arguments against the viability of Counts Two and Three as well; however, those arguments depend, at least in part, on factual assertions that are at odds with the allegations of the Amended Complaint. That is fatal to the motion to dismiss. Plaintiff may well not prevail, and the Court expresses no opinion as to the likelihood of any particular outcome on the merits. But they have sufficiently pled their claims so as to survive a motion to dismiss.

### III. The Court Declines to Transfer

Finally, Defendants request that, if the Amended Complaint survives, the case be transferred to the Central District of Illinois under 28 U.S.C. § 1404(a). The Court declines to transfer the case.

"A district court may exercise its discretion to transfer venue 'for the convenience of parties and witnesses, in the interest of justice.'" *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (quoting 28 U.S.C. § 1404(a)). "District courts have broad

discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  When considering whether to transfer an action, some of the factors a district court may consider include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Id*. at 106-07 (internal references omitted).

Here, the majority of the factors are either neutral or favor the Plaintiff, including the Plaintiff's choice of this District, the location of the Plaintiff and a number of Plaintiff witnesses here, the willingness of Plaintiff's counsel to take depositions via remote means for the convenience of counsel and witness, and the ease of accessing this District in the event of in-person attendance at court proceedings.  The arguments of Defendants as to their own location, the location of the real property that was sold, and the location of some of the relevant events do not outweigh the other factors sufficiently to counsel in favor of transferring this case to another district.

## CONCLUSION

For the reasons stated herein, Defendants' motions to dismiss or transfer are DENIED. Counsel are directed to confer and to submit a joint letter to the Court by **April 17, 2025**, setting forth the parties' views as to (i) the import of the recent settlement agreement in the Stone Brothers LLC bankruptcy proceeding between the Defendants and the bankruptcy trustee regarding the proceeds from the sale of the real property referenced in the Amended Complaint (*see* Dkt. No. 39); and (ii) proposed next steps in this action, including whether referral to the

Magistrate Judge for a settlement conference would be fruitful or whether the parties prefer to begin discovery.

Dated: March 27, 2025
       New York, New York

                                                SO ORDERED.

                                                MARGARET M. GARNETT
                                                United States District Judge